ARENDSEN v. EDW. D. BOYLE & CO.

---

(December 10, 1928.  Opinion and Decree.)

---

Alexis Brian, of New Orleans, attorney for plaintiff and appellee.

Bond, Curtis & Hall, of New Orleans, attorneys for defendant and appellant.

JONES, J.  Plaintiff claims $195.00 for hauling stone curbing at an agreed price of 6 cents per foot to various points between Napoleon Avenue and Broadway along Willow Street, which was then paved by H. W. Bond & Brothers.

Defendant answered, admitting that plaintiff had hauled the quantity of stone alleged at the agreed price of 6 cents per foot, but averring that he had breached his contract by failing to haul the entire amount of stone required by the paving company, and thereby caused defendant a loss of $223.00, for which amount he reconvened.

There was judgment below for plaintiff and defendant has appealed.

We must decide the question of fact as to whether defendant actually contracted to haul all the stone, and if so, whether the failure to pay him as the work progressed justified him in abandoning the work.

The record shows that plaintiff was in the hauling business and that he had worked for defendant before and had been paid promptly, that during the months of June and July plaintiff hauled some curbing at the agreed price of 6 cents per foot and that, after many demands, he was paid about July 22, $50.00 on account, although his bill at that time was for a larger amount; that between July 22 and August he hauled more curbing, bringing the total amount up to 3,750 feet, and his entire bill for services up to $245.50; that he repeatedly made demands for further payments and was constantly made futile promises by defendant, that the price at which the defendant hauled the balance, after plaintiff stopped, was 14 cents per foot, a seemingly exorbitant price.

Plaintiff testifies that he did not agree to haul the entire amount of curbing due for the Willow Street job, but that he did agree to haul curbing at the rate of 6 cents per foot and that he expected to be paid as the work progressed, as he needed the money to meet his monthly payroll, that he was perfectly willing to haul the entire amount, had the payments been made as the work progressed, but that he could not continue the work without compensation.

H. W. Bond testifies that he heard the contract made and that plaintiff did agree to haul all the curbing needed for paving

Willow Street, about 10,000 feet; that, as his firm was being greatly inconvenienced by the delay of plaintiff in hauling the stone, he telephoned plaintiff that he would make the payments if plaintiff would give him a bond or guarantee for completion of the work; whereupon plaintiff said: "To Hell with Boyle—I am getting 8 cents per foot for hauling on the Amelia Street job." This statement is denied by plaintiff.

C. J. Kelly, a member of defendant firm, also testifies that Arendsen agreed to do all the hauling, but his evidence is so conflicting as to demands for payment and as to his refusal to pay that it has little probative value.

Plaintiff's bookkeeeper testifies that she repeatedly took messages from defendant to plaintiff in which he asked for trucks and promised to send a check, but that defendant never did send a check.

The trial judge set forth his conclusions upon this contradictory testimony in the following brief and clear opinion:

"The contract was verbal and not at all specific. There was no stipulation as to quantity of material to be hauled nor as to payment for work done. I think it fair to consider that payments for the hauling must be paid as the work progressed. Plaintiff hauled 3750 feet of curbing and was only paid $50.00, less than one-fourth of the amount earned under the contract and he refused to proceed further with it unless he was paid weekly, or as the work progressed. Repeated demands for such payment were ignored by defendant. This refusal justified the plaintiff in abandoning the contract and he is entitled to pay for such work."

As both plaintiff and defendant admit that nothing was said as to time of payment, the court's finding that payment should have been made as the work progressed seems reasonable and we see no error in the court's finding that there was no stipulation as to quantity of stone to be hauled. The plaintiff being in the hauling business and having worked before for defendant and having been paid promptly, would naturally wish to haul as much stone as he could, as the record shows that the price was satisfactory to him, but he would hardly have bound himself to haul for months without compensation, till the work was completed.

For above reasons the judgment is affirmed.